**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**
**MARTINSBURG**

**DETRICK LAYFIELD,**

Petitioner,

**v.**                                                    **CIVIL ACTION NO.: 3:20-CV-204**
                                                    **(GROH)**

**BRIAN ANTONELLI,**

Respondent.

**<u>ORDER ADOPTING REPORT AND RECOMMENDATION</u>**

Currently before the Court is a Report and Recommendation ("R&R") entered by

United States Magistrate Judge Robert W. Trumble on May 5, 2021.   ECF No. 31.

Therein, Magistrate Judge Trumble recommends that the pro se Petitioner's § 2241

Petition [ECF No. 1] be denied and dismissed without prejudice, and further recommends

that the Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary

Judgment [ECF No. 21] be granted.   For the reasons discussed below, the Court adopts

the R&R in full.

**I. BACKGROUND**

On September 1, 2017, an inmate at FCI Greenville[1]  was assaulted inside his cell

and sustained a 1.25-inch laceration to his right elbow, minor abrasions to the back of his

right arm, and a minor abrasion to his abdomen.   ECF No. 21-7 ¶ 6.   On September 28,

2017, an incident report was prepared charging the Petitioner with the prohibited offense

---

[1]      At the time of the incident, the Petitioner was incarcerated at FCI Greenville in Greenville, Illinois.
The Petitioner is now incarcerated at USP Hazelton in Bruceton Mills, West Virginia.

of Assault with Serious Physical Injury, in violation of Code 101.   ECF No. 21-8.   The Petitioner received a copy of the incident report on October 23, 2017, advising him of the charge against him.   Id.

The Special Investigative Service ("SIS") at FCI Greenville conducted an investigation and concluded that the Petitioner committed the assault.   ECF No. 21-7 ¶ 6. The case was also referred to the FBI and the United States Attorney's Office for the purpose of conducting a criminal investigation and possible prosecution.   On October 18, 2017, the Petitioner was indicted in the District Court of the Southern District of Illinois with three offenses related to the same incident and was convicted by a jury on September 11, 2018.   See S.D. Ill. Case No. 3:17-CR-30184.

On May 9, 2019, a disciplinary hearing on the matter was held before a Discipline Hearing Officer ("DHO").   ECF No. 21-7 ¶ 3.   The disciplinary hearing was delayed due to the SIS investigation, the matter's referral to the FBI, and the Petitioner being out on federal writ.   Id. ¶ 5.   The DHO considered the evidence, including the SIS investigation's findings, video footage of the incident, written statements made by the Petitioner's witnesses, and the Petitioner's own statement in his defense, and found that the greater weight of the evidence supported the finding that the Petitioner committed the assault.   ECF No. 21-8.

On October 28, 2020, the Petitioner filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, alleging that the prison's disciplinary procedure violated his constitutional rights.   ECF No. 1. The Petitioner presents four grounds for relief: (1) the charges against him were fabricated based on racial profiling; (2) his transfer from FCI Greenville to USP Hazelton occurred while he was going through the disciplinary

proceeding process and denied him the right to a timely Discipline Hearing Officer ("DHO") hearing; (3) he was required to defend himself in court in a trial before defending himself in administrative proceedings for some, but not all, of the same charges; and (4) he was never written an incident report for possession of a fabricated weapon, an offense that he was convicted of committing in federal court.   Id. at 5–6.   For relief, the Petitioner requests that the DHO decision be overturned, that his disciplinary reports be expunged from his institutional record, and that he be released from incarceration.   Id. at 8.

In lieu of an answer, the Respondent, by and through Assistant United States Attorney Erin K. Reisenweber, filed a Motion to Dismiss, or in the Alternative, Motion for Summary Judgment on January 20, 2021.   ECF No. 21.   Therein, the Respondent argues that the petition should be dismissed because (1) the Petitioner received all the due process safeguards afforded to him by Wolff v. McDonnell, 418 U.S. 539 (1974), (2) the DHO had sufficient evidence to find that the Petitioner committed the prohibited offense, and (3) the Petitioner did not exhaust his administrative remedies with the BOP prior to filing the instant petition.   Following the Respondent's motion, the Petitioner filed several documents, although none are styled as a response to the motion to dismiss.[2]

Pursuant to Rule 2 of the Local Rules of Prisoner Litigation Procedure, this action was referred to Magistrate Judge Trumble for submission of an R&R, which he entered on May 25, 2021.   ECF No. 31.   As an initial matter, the R&R finds that the Court does

---

[2]     These documents include: (1) a motion styled as "Petitioner's Motion to Refute Untimely Filing" [ECF No. 24]; (2) a document styled as a "Motion to Present Relevant Facts and violations of Due Process" [ECF No. 25], (3) a "Motion Requesting Permission to Present Exhibits, Court Transcripts, Docket Sheet, Charge Counts, etc." [ECF No. 26], (4) a "Motion Presenting Legal Claims" [ECF No. 27]; (5) a cross-motion for summary judgment [ECF No. 29]; and (6) a "Motion to Dismiss the Indictment and Resentence with an Order for Immediate Release Where This Continue of Incarceration Serves Additional Punishment" [ECF No. 33].

not have jurisdiction to consider the Petitioner's claims because he failed to exhaust his administrative remedies.   Id. at 14.   However, it finds that even if the Court did have jurisdiction to consider the Petitioner's claims, the Petitioner's due process rights were not violated during the prison disciplinary process because (1) the Petitioner received notice of the incident report on October 23, 2017, more than eighteen months before the DHO hearing; (2) the DHO Report identified the specific evidence relied on to support its findings; (3) the Petitioner was given the opportunity to call witness at the hearing and make a statement in his own defense; (4) while the Petitioner had the ability to collect and present the evidence necessary for an adequate comprehension of his case, he was offered a staff aid at the hearing, which he declined; and (5) the DHO, M. Puckett, did not author the Incident Report and was an impartial factfinder.   Id. at 15–16.   Accordingly, Magistrate Judge Trumble recommends that the Court dismiss the petition without prejudice and grant the Respondent's motion.

## II. STANDARD OF REVIEW

Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court is required to make a de novo review of those portions of the magistrate judge's findings to which objection is made. However, the Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.   Thomas v. Arn, 474 U.S. 140, 150 (1985).   Failure to file timely objections constitutes a waiver of de novo review and of a Petitioner's right to appeal this Court's Order.   28 U.S.C. § 636(b)(1); Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984).

Objections to Magistrate Judge Trumble's R&R were due within fourteen plus three days of the Petitioner being served with a copy of the same.   28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).   Magistrate Judge Trumble entered the R&R on May 25, 2021.   ECF No. 31.   The Petitioner timely filed objections to the R&R on June 1, 2021.   ECF No. 35. On June 11, 2021, Ms. Reisenweber filed a Response to the Petitioner's objections on behalf of the Respondent.[3]   ECF No. 36.   Accordingly, the Court will review the portions of the R&R to which the Petitioner objects de novo, and the remaining portions of the R&R for clear error.

### III. Discussion

The Petitioner's sole objection is the R&R's finding that he failed to exhaust his administrative remedies.   ECF No. 31 at 20.   In the R&R, Magistrate Judge Trumble considers the declaration of Howard Williams, a legal assistant at the Mid-Atlantic Region of the BOP [ECF No. 21-2] and the Petitioner's BOP Administrative Remedy History [ECF No. 21-5 & -6].   Mr. Williams's declaration states that the Petitioner has filed a total of 50 administrative remedy requests while in BOP custody, however, all have been rejected and none have been closed successfully.   ECF No. 21-2 at 3.   Additionally, the Petitioner's Administrative Remedy History reflects that his last appeal was rejected on November 5, 2020.   ECF No. 21-5 at 26 (REMEDY ID: 1034991-AI).   Accordingly,

---

[3]     On June 23, 2021, the Petitioner filed a reply to the Respondent's response, styled "Petitioner Layfield's Objection to the Respondent's Objection to the Report and Recommendation and Point Out Factual Allegations Rather than False, Fictitious Statements."   ECF No. 37.   Under the Local Rules of Prisoner Litigation Procedure, any party may respond to another party's objections within fourteen days after being served with a copy thereof.   LR PL P 12(c).   Notwithstanding that the Petitioner styled his reply as a response to the Respondent's "objections," the reply is unauthorized by the Local Rules.   See LR PL P 13 ("Prisoners shall not file pleadings or papers not authorized by these Rules.   Pleadings or papers not authorized by these Rules will be stricken from the docket by the Court and returned to the prisoner."). Nonetheless, the Court has considered the arguments contained therein.

Magistrate Judge Trumble finds that the Petitioner failed to exhaust his administrative remedies because he failed to file another administrative remedy after his request was rejected on November 5, 2020.   ECF No. 31 at 20.

In support of his objection, the Petitioner avers that he was denied "his Constitutional Right to exhaust his administrative remedies."   ECF No. 35 ¶ 17.   The Petitioner avers that he filed appeals regarding the DHO hearing on November 1, 2017, October 10, 2019, November 19, 2019, January 14, 2020, and January 28, 2020, however, all of these appeals were rejected for being untimely.   Id. ¶¶ 2, 6, 7, 9, 11.   The Petitioner avers that the Administrative Remedy Office denied him his right to appeal by using a "delay tactic" and cites an email from Case Manager Michael Gyurke that states, "[Layfield's] DHO report was issued to him on 11-5-2019, but his remedy was not received until 03-19-2020."   Id. ¶ 25; see ECF No. 35-8 at 1.   Additionally, he avers that he "filed every appeal in a timely manner, but due to the [incorrect] remedy number . . . the Central Office concur with the Regional Office and denied [him] of his constitutional right to exhaust his administrative remedies."   ECF No. 35 ¶ 16.

Upon review of all filings in this matter, the Court finds that the Petitioner did not timely file his DHO appeal.   The Petitioner received a copy of the DHO Report on November 19, 2019.   See ECF No. 36-1 at 5.   The Petitioner was required to file his DHO appeal to the Regional Office within twenty days of receipt, including mail time. See ECF No. 35-8 at 2.   However, as Mr. Gyurke states in the email, the Regional Office did not receive the Petitioner's DHO appeal until March 19, 2020, more than three months after the twenty-day period to file an appeal.   See ECF No. 35-7 at 3.   Accordingly, the Petitioner did not file a timely DHO appeal with the BOP and thus, did not exhaust his

administrative remedies.   The Petitioner's objections are **OVERRULED**.

### IV. Conclusion

Upon careful review of the R&R, the Petitioner's objections, and the Respondent's Response, the Court **ORDERS** that Magistrate Judge Trumble's Report and Recommendation [ECF No. 31] should be, and is hereby, **ADOPTED**.   Therefore, the Petitioner's § 2241 Petition [ECF No. 1] is **DENIED** and **DISMISSED WITHOUT PREJUDICE**, and the Respondent's Motion to Dismiss, or in the Alternative, Motion for Summary Judgment [ECF No. 21] is **GRANTED**.   The Petitioner's pending motions [ECF Nos. 19, 24, 26, 27, 29 & 33] are **DENIED** as **MOOT**.

The Clerk is **DIRECTED** to strike this matter from the Court's active docket.   The Clerk is further **DIRECTED** to transmit copies of this Order to all counsel of record herein and to mail a copy of this Order to the pro se Petitioner by certified mail, return receipt requested.

**DATED:** August 19, 2021

GINA M. GROH
CHIEF UNITED STATES DISTRICT JUDGE